—————FILED ————ENTERED
—————LODGED————RECEIVED

MAR 27 2007   DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
· BY _____ DEPUTY

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

8
9

| | |
|---|---|
| MICHELE SUGGETT and DON JAMES, individually and on behalf of all similarly situated;<br><br>       Plaintiffs,<br><br>   vs.<br><br>MENU FOODS, a foreign corporation; THE IAMS COMPANY, a foreign corporation; EUKANUBA, a foreign corporation; DOG FOOD PRODUCERS NUMBERS 1-100 and CAT FOOD PRODUCERS 1-100; and DOES 1-100;<br><br>       Defendants. | Case No.: **CV7   457RSM**<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>**07-CV-00457-CMP** |

10
11
12
13
14
15
16
17
18

## I.  NATURE OF ACTION

19
20

1. Plaintiffs bring this action as a Class Action pursuant to FRCP 23 on behalf of all persons who purchased any dog or cat food produced by any of the above-named defendants and/or had a dog or cat become ill or die as a result of eating same.

21

2. The defendants are producers and distributors of, inter alia, dog and cat food. Menu Foods produces dog and cat food under familiar brand names such as Iams, Eukanuba and Science Diet. Menu Foods distributes its dog and cat food throughout the United

22
23
24
25

CLASS ACTION COMPLAINT - 1

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

States to retailers such as Wal-Mart, Kroger and Safeway.

3. Dog and cat food which the defendants produced has caused an unknown number of dogs and cats to become ill and die.

4. To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat food which are causing dogs and cats to become ill. All recalled food to date is of the "cuts and gravy wet" style.

5. As a result of the Defendants' actions, Plaintiffs and other Class members have suffered noneconomic and economic damage.

## II. JURISDICTION, PARTIES, AND VENUE

6. This court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) based on diversity and an amount of controversy in excess of $75,000. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because the Defendants systematically and continuously sold their product within this district, and Defendants transact business within this district.

8. Eleven-year-old, female canine named Shasta ("Shasta") was regarded by Plaintiffs as their ward, sentient personalty, and member of their family.

9. Plaintiffs MICHELE SUGGETT and DON JAMES ("Plaintiffs") are, and at all times herein were, residents of this judicial district and the owners/guardians of Shasta.

10. Defendant Menu Foods is, upon information and belief, a corporation organized under the laws of Canada that transacts business in Washington State and Oregon State.

11. Defendant The Iams Company, is upon information and belief, a foreign corporation that transacts business in Washington State and Oregon State.

12. Defendant Eukanuba, is upon information and belief, a foreign corporation that transacts business in Washington State and Oregon State.

13. There are numerous other persons or entities, DOG FOOD PRODUCERS, CAT FOOD PRODUCERS, AND DOES 1-100, identities presently unknown to Plaintiffs who are, and were at all times mentioned herein, acting in concert or are jointly and severally liable with the above named Defendants. Each of the DOE Defendants sued herein under a fictitious name is responsible in some manner for the events and occurrences referred to herein. When the true names, capacities and involvement of said Defendants are ascertained, Plaintiffs will seek leave to amend the complaint accordingly.

CLASS ACTION COMPLAINT - 2

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

### III. CLASS ACTION ALLEGATION

14. Plaintiffs bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the "Class") composed of all persons who purchased any dog or cat food which was produced by the defendants and/or has had a dog or cat become ill or die as a result of eating the food. Plaintiffs reserve the right to modify this class definition prior to moving for class certification.

15. This action has been brought and may be properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

    a.    The Class is ascertainable and there is a well-defined community of interest among the members of the Class;

    b.    Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The identity and exact number of Class members is unknown but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu Foods has identified 50 dog foods and 40 cat foods which may be causing harm to companion animals.

    c.    Plaintiffs' claims are typical of those of other Class members, all of whom have suffered harm due to Defendants' uniform course of conduct.

    d.    Plaintiffs are members of the Class.

    e.    There are numerous and substantial questions of law and fact common to all of the members of the Class which control this litigation and predominate over any individual issues pursuant to Rule 23(b)(3). The common issues include, but are not limited to, the following:

        i.    Did the defendants make representations regarding the safety of the dog and cat food they produced and sold?

        ii.    Were the defendants' representations regarding the safety of the dog and cat food false?

        iii.    Did the defendants' dog and cat food cause or allow Plaintiffs and other Class members' companion animals to become ill or die?

        iv.    Did the defendants produce a hazardous product for nonhuman animal consumption? If so, did this occur as a result of negligent, grossly negligent, reckless, or intentional conduct?

CLASS ACTION COMPLAINT - 3

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

v.     Were Plaintiffs and other Class members damaged?

f.     These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class;

g.     Plaintiffs will fairly and adequately protect the interests of the Class in that Plaintiffs have no interests that are antagonistic to other members of the Class and has retained counsel competent in the prosecution of class actions to represent themselves and the Class;

h.     Without a class action, the Class will continue to suffer damage, Defendants' violations of the law or laws will continue without remedy, and Defendants will continue to enjoy the fruits and proceeds of their unlawful misconduct;

i.     Given (i) the substantive complexity of this litigation; (ii) the size of individual Class members' claims; and (iii) the limited resources of the Class members, few, if any, Class members could afford to seek legal redress individually for the wrongs Defendants have committed against them;

j.     This action will foster an orderly and expeditious administration of Class claims, economies of time, effort and expense, and uniformity of decision;

k.     Inferences and presumptions of materiality and reliance are available to obtain class-wide determinations of those elements within the Class claims, as are accepted methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendants' common liability, the Court can efficiently determine the claims of the individual Class members;

l.     This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best (if not the only) available means by which members of the Class can seek legal redress for the harm caused them by Defendants.

m.     In the absence of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of their wrongful conduct.

16. The Claims in this case are also properly certifiable under applicable law.

## IV. GENERAL ALLEGATIONS

17. Plaintiffs were the owners and guardians of Shasta, a female Pomeranian.

18. Plaintiffs purchased contaminated Eukanuba Adult Bites in Gravy (lamb & rice, beef & gravy, savory chicken) ("contaminated food") on or about February 16, 2007 from Petsmart.

CLASS ACTION COMPLAINT - **4**

ANIMAL LAW OFFICES OF
**ADAM P. KARP, ESQ.**
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

19. Plaintiffs started feeding the contaminated food to Shasta on or about March 15, 2007.

20. After eating the contaminated food, Shasta became extremely ill, causing the Plaintiffs to take her to a veterinarian on or about March 19, 2007. The veterinarian informed them that Shasta suffered devastatingly acute renal failure. On or about March 20, 2007, Shasta arrested and died.

21. Plaintiffs witnessed Shasta's deceased body shortly after she died and before a substantial change in her condition and location.

22. In March 2007 Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food which had caused dogs and cats to become ill. One common symptom in the sick animals was kidney failure, also known as acute renal failure.

23. The contaminated food that Shasta consumed is one of the brands that Menu Foods recalled.

24. The Plaintiffs lost Shasta's intrinsic value, as based on her unique qualities, characteristics, training, and bond, as well as the loss of her utility, companionship, love, affection, and solace. At the time of her death, Shasta had no fair market value and could not be replaced or reproduced. Rather, she had an intrinsic value.

25. The Plaintiffs owned and formed a relationship with Shasta for 11 years. She was a close family companion throughout that period and had special value, aiding Plaintiffs in their enjoyment of life, well-being, growth, development, and daily activities.

26. As a result of Defendants' actions causing Shasta's death, the Plaintiffs have suffered loss of enjoyment of life, interference with use and quiet enjoyment of their realty and personalty, and general damages pertaining to loss of use.

27. As a result of Defendants' acts and omissions the Plaintiffs and other Class members have suffered emotional and economic damage, including but not limited to mental anguish, loss or reduction of enjoyment of life, interference with use and quiet enjoyment of realty and/or personalty, wage loss, current and future veterinary and health-related bills, depreciation in or extinguishment of intrinsic, special, unique, or peculiar value, loss of use and/or companionship, actual, incidental, and consequential damages.

## FIRST CLAIM FOR RELIEF – UNJUST ENRICHMENT

28. Defendants were and continue to be unjustly enriched at the expense of the Plaintiffs and other Class members.

CLASS ACTION COMPLAINT - 5

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

29. Defendants should be required to disgorge this unjust enrichment.

## SECOND CLAIM FOR RELIEF – UNLAWFUL, DECEPTIVE, UNFAIR BUSINESS PRACTICES

30. Defendants' sale of tainted pet food constitutes an unlawful, deceptive and unfair business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, and similar statutory enactments of other states (including consumer protection and consumer sales practice acts).

31. Defendants' sale of hazardous dog and cat food has the capacity to deceive a substantial portion of the public and to affect the public interest.

32. As a result of Defendants' unfair or deceptive acts or practices, Plaintiffs and other class members suffered injuries in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF – BREACH OF WARRANTY

33. Cat food and dog food produced by Menu Foods are "goods" within the meaning of Uniform Commercial Code Article 2.

34. Defendants' conduct as described herein constitutes breach of an implied or express warranty of affirmation.

35. Defendants' conduct as described herein constitutes breach of an implied warranty of merchantability.

36. Defendants' conduct as described herein constitutes breach of an implied warranty of fitness for a particular purpose.

37. As a proximate result of the aforementioned wrongful conduct and breach, Plaintiffs and other class members have suffered damages in an amount to be proven at trial. Defendants had actual or constructive notice of such damages.

## FOURTH CLAIM FOR RELIEF – DECLARATORY RELIEF

38. This court has the authority to render a declaratory judgment pertaining to Plaintiffs and Class Members' rights, status and other legal relations.

39. Plaintiffs and Class Members are entitled to a declaratory judgment that, as a matter of law, their companion animals had no fair market value, no replacement value, but, rather, an intrinsic, peculiar, unique, or special value premised on their non-fungible and irreplaceable nature.

## FIFTH CLAIM FOR RELIEF – NEGLIGENT MISREPRESENTATION

CLASS ACTION COMPLAINT - 6

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

40. Defendants owed Plaintiffs and class members a duty to exercise reasonable care in representing the safety of its dog and cat foods.

41. Defendants falsely represented that its dog and cat food was safe for consumption by dogs and cats.

42. In reality, defendants' dog and cat food caused dogs and cats to become ill and, in some cases, to die.

43. Plaintiffs and class members reasonably relied on the information provided by Defendants regarding the safety of its dog and cat food.

44. As a proximate cause of Defendants' false representations, Plaintiffs and other Class members suffered damages in an amount to be proven at trial.

### SIXTH CLAIM FOR RELIEF – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

45. IN THE ALTERNATIVE that Defendants' acts are not deemed intentional or reckless, Defendants' conduct was negligent insofar as they failed to take reasonable care to avoid causing Plaintiff and Class Members emotional distress in relation to the failure to warn and failure to produce safe food for nonhuman animal consumption. These actions or inactions caused Plaintiff and Class Members emotional distress. Said emotional distress was manifested by objective symptomology by some of the Class Members.

### SEVENTH CLAIM FOR RELIEF – NUISANCE

46. Defendants' behavior described above constitutes a private nuisance and public nuisance.

47. Under Washington law, specifically RCW 7.48.010 and 7.48.150 (private nuisance) and RCW 7.48.130 and RCW 7.48.210 (public nuisance), and similar anti-nuisance laws (at common law and by statute), Defendants are liable to plaintiffs for general damages sustained by virtue of their omission to perform a duty, which act, namely, allowing contaminated and poisoned food products to enter Plaintiff and Class Members' households under false pretenses of safety, resulting in pain, suffering, illness, and death to Class Members' companion animals, annoyed, injured, and endangered the comfort, repose, and safety of Plaintiffs and Class Members, essentially interfering in the comfortable enjoyment of their real and personal property and their lives.

### EIGHTH CLAIM FOR RELIEF – BREACH OF CONTRACT

48. Plaintiffs and Class members purchased dog and cat food produced by the defendants

CLASS ACTION COMPLAINT - 7

Animal Law Offices of
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

1    based on the understanding that the food was safe for their companion animals to consume.

2    49. The dog and cat food produced by the defendants was not safe for companion animals to
3    consume and caused dogs and cats to become ill or die. The unsafe nature of the pet food constituted a breach of contract.

4    50. As a result of the breach, Plaintiffs and Class members suffered damages which may
5    fairly and reasonably be considered as arising naturally from the breach or may reasonably be supposed to have been in the contemplation of the parties, at the time they
6    made the contract, as the probable result of the breach of it.

7    51. To the extent defendants' breach was reckless, wanton, or intentional and defendants
knew or had reason to know that, when the contract was made, breach would cause
8    mental suffering for reasons other than pecuniary loss, defendants inflicted upon
9    Plaintiffs and Class members emotional distress.

10   ## NINTH CLAIM FOR RELIEF – GROSS NEGLIGENCE

11   52. In the event Defendants are not found to have acted recklessly, Plaintiffs and Class
Members plead IN THE ALTERNATIVE that Defendants knew and/or should have
12   known that there was a strong possibility that harm would be inflicted on Plaintiffs and
Class Members as a result of their disregard in ensuring that safe foodstuffs entered the
13   commercial dog and cat food supply, recalling the tainted product before the illness and
14   death toll rose further, and/or not warning consumers of the tainted product.

15   53. Defendants acted indifferently to the high degree of manifest danger and erroneous
destruction of sentient property, to wit, Class Members' companion animals, to which
16   Plaintiffs and Class Members would be and was exposed by such conduct.

17   54. The proximate cause of Plaintiffs and Class Members' injuries was the grossly negligent
conduct of Defendants in the above regard.
18

19   ## TENTH CLAIM FOR RELIEF – PRODUCTS LIABILITY

20   55. Defendants are strictly liable under RCW 7.72.030 (and analogous products liability
statutes around the nation) for proximately causing harm to Plaintiffs by manufacturing a
21   product that was not reasonable safe in construction.

22   56. The proximate cause of Plaintiffs and Class Members' injuries was the grossly negligent
conduct of Defendants in the above regard.
23

24   CLASS ACTION COMPLAINT - 8

57. Defendants may also be liable for design defects in the production of the contaminated food, as well as failing to warn of the design and/or manufacturing defects, making them liable under RCW 7.72.030 (and analogous products liability statutes around the nation).

## RESERVATION OF RIGHTS

58. Plaintiffs and Class Members reserve the right to amend the complaint to include additional causes of action and allegations as they are discovered in the course of litigation.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Certification of the action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and appointment of Plaintiffs as Class Representatives and their counsel of record as Class Counsel;

2. Actual damages (including all general, special, incidental, and consequential damages), statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the states having a legally sufficient connection with defendants and their acts or omissions) and such other relief as provided by the statutes cited herein;

3. For economic damages, representing the intrinsic, special, peculiar, or unique value of the Plaintiffs and Class Members' injured and/or killed companion animals, subject to proof and modification at trial;

4. For special and general damages relating to loss of the Plaintiffs' and Class Members' companion animals' utility (e.g., companionship) from date of loss to date judgment is entered;

5. For noneconomic damages, including emotional distress, interference with the Plaintiffs and Class Members' lives, and the use and quiet enjoyment of their realty and personalty, loss and/or reduction of enjoyment of life, subject to proof and modification at trial;

6. For incidental and consequential damages arising from breach of contract;

7. For burial, afterdeath, and death investigation expenses;

8. For wage loss and other aftercare expenses incurred during the companion animals'

CLASS ACTION COMPLAINT - 9

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

convalescence;

9. Prejudgment and post-judgment interest on such monetary relief;

10. Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal profits received by Defendants as a result of the unfair, unlawful and/or deceptive conduct alleged herein;

11. Other appropriate injunctive relief;

12. The costs of bringing this suit, including reasonable attorneys' fees; AND

13. Such other relief as this Court may deem just, equitable and proper.

14. **NOTICE: Plaintiffs intend to seek damages in excess of $10,000. Accordingly, this case is not subject to RCW 4.84.250-.280.**

Dated this March 27, 2007.

ANIMAL LAW OFFICES

/s/ Adam P. Karp

Adam P. Karp, WSBA No. 28622
Attorney for Plaintiffs and Class Members
114 W. Magnolia St., Ste. 425
Bellingham, WA 98225
(888) 430-0001
Fax: (866) 652-3832
adam@animal-lawyer.com

CLASS ACTION COMPLAINT - 10